Mr. Justice Clayton
delivered the opinion of the court.
Two questions were presented for consideration, in the argument of this cause. 1. Whether the note sued on was presented for payment in due time, and 2. Whether the notices of nonpayment were given in proper time to charge the indorsers.
The note was over due at the time of the indorsement, which bore date on the 9th of February, 1839, and the demand was made on the 11th of the same month. It was urged in argument that this was too late. The rule as to the precise time when demand of such an instrument should be made, is not very definitely settled. Bailey on Bills, 296. 2 Aiken, 9.
Some of the cases say, it must be made in reasonable time, but what is reasonable depends on the circumstances of each particular case. Mohawk Bank v. Broderich, 10 Wen. 304, 3 Wen. 79. According to others, it is like a note payable oh demand, or a bill at sight, as to which, it seems to be settled, after a good deal of fluctuation and uncertainty, that the presentment must be made on the next day after the instrument is received, if the parties live .in or near the same place, or must be forwarded for presentment on that day, if they live in different places. In either instance it is not necessary to act on the day of its reception. Chitty on Bills, 414.
But the facts of the case do not call for a decision of this point. The evidence clearly shows that the 9th of February, 1839, fell on Saturday, and that the presentment was on Monday, the 11th. That was sufficient. Sunday is uniformly excluded from the computation of time in such matters; and a demand upon that day would have been a nullity.
The question as to notice next claims attention. The evidence was that about sunset of the 12th of February, Richmond J. Brown, who made the demand, met the clerk of Parham & Gibson, in the streets of Clinton, in which place the defendants all resided, and handed him a written notice, with a request that he should give it to them. The witness Brown, stated that *164 he did not call at the store, or residence of Parham & Gibson. There was no evidence that the clerk was their agent to receive notice, or that he was in the habit of attending to such business for them, nor was his testimony introduced. Without proof of his agency, or of some fact from which that agency might reasonably be inferred, the delivery of notice to him, without proof that it came to the hands of Parham & Gibson, was insufficient to charge them. See Wilkins v. Commercial Bank, Natchez, 6 How. 221. Had Brown gone to the store or to the dwelling-house of the defendants at a proper time, and found it stmt, it might have been different. Chitty on Bills, 502, notes.
The instructions asked by the plaintiff’s counsel and refused by the court, were properly denied. Some of them were mere abstract propositions, not called for by the evidence ; and others were not in accordance with law.
The notice tp Wall, the other indorser, was not given till the 13th of February. He also resided in Clinton. The notice, to be binding, should have been given on the day after the dishonor. Chitty on Bills, 514. Or if it had been requisite to send the notice by mail, then it should have been deposited in the post office in such manner as to comply with the' rule laid down by this court, in the case of The Planters Bank v. Downs, et al. The circumstance that the note was indorsed after maturity, makes no difference as to the time of giving notice after presentment.
The judgment of the court below is affirmed. •